IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LARRY TODD JEFFCOAT,** § <br> Plaintiff, § <br> v.  § <br>  § <br> **THE UNITED STATES OF AMERICA,** § <br> Defendant. § | Civil Action No. 3:20-CV-3276-L-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant's Motion for Summary Judgment*, filed February 11, 2022 (doc. 24), should be **GRANTED**.

### I.    BACKGROUND

On October 29, 2020, Larry Todd Jeffcoat (Plaintiff) filed this *pro se* action against the United States (Defendant) under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* (FTCA).  (doc. 3 at 1.)[2] The factual portion of his one-page complaint states:

> While under the medical care of the Dallas VA Hospital, on two occasions (July 15, 2018 and July 18, 2018) I was denied antibiotics to prevent infection of an open wound extending into my torso's inner cavity.  This action caused and/or contributed to the severity of the infection identified as advance sepsis at a public hospital on July 19, 2018.  The subsequent Tort Claim filed with the Veterans Administration was inappropriately denied.

(*Id.*)  Plaintiff underwent elective hernia surgery at the Veteran Affairs Hospital in Dallas, Texas (VA) on June 15, 2018.  (doc. 27-1 at 22-28.)  The incision opened on or about July 14, 2018, and Plaintiff received treatment at the VA beginning on July 15, 2018, which culminated in a second

---

[1] By *Standing Order of Reference*, filed February 8, 2021 (doc. 9), this case was referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

hernia surgery on July 20, 2018. (*Id.* at 29-104.)

By *Scheduling Order* dated March 22, 2021, the court set a deadline of November 12, 2021, for a party who bears the burden of proof to designate expert witnesses and provide expert reports to the other party. (doc. 20.) Plaintiff's sworn interrogatory responses state that "[t]here will be no expert witnesses called" because he cannot afford them. (doc. 27-4 at 5.) Defendant now moves for summary judgment on grounds that Plaintiff "cannot establish his negligence claim because he does not have expert testimony to establish the applicable standard of care, breach, causation, or damages." (doc. 25 at 11.)

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (internal quotation omitted).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for

trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. "If the [nonmoving party's] theory is ... senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Id.* at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g., Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

### III.    DESIGNATION OF EXPERT

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

In FTCA cases, state law controls liability for medical malpractice claims. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Under the law in Texas, where the alleged medical malpractice occurred, a plaintiff asserting a medical malpractice claim bears the burden

of proving: (1) a duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. *Id.* (citing *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003)). "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet a plaintiff's burden to prove the applicable standard of care, a breach of that standard, and a causal connection between the breach and the harm suffered in medical malpractice cases. *Hannah*, 523 F.3d at 601-02 (standard of care and breach) (quoting *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977)); *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (breach and causation).

The medical standard of care for preventing infection in a hernia incision that has opened is not a matter of common knowledge or within the general experience of a layperson, so Plaintiff must produce expert testimony to establish the applicable standard of care and to demonstrate that the treatment he received breached that standard. *See Hannah*, 523 F.3d at 601-02 (rejecting the plaintiff's argument that any lawperson could discern that the standard of care was not met where a MRSA infection spread during the course of his year-long treatment and finding that the mode of treatment for the infection was not a matter of common knowledge and required expert testimony); *Anderson v. United States*, 388 F. App'x 406, 407 (5th Cir. 2010) ("Because the mode of treatment for an inguinal hernia is not a matter of common knowledge or within the general experience of a layman, [plaintiff] was required to present expert testimony to establish the applicable standard of care and to show how the care he received breached that standard"); *Thompson v. United States*, No. 4:19-CV-017-P, 2020 WL 1929852, at *4 (N.D. Tex. Apr. 21, 2020) (finding that the medical standard of care and issues of breach and causation regarding the treatment of the plaintiff's ongoing severe pain at his hernia surgery site were not matters of

common knowledge or within the experience of a layperson) (citing *Anderson,* 388 F. App'x at 407); *Hurston v. United States*, No. 4:19-CV-00094-P, 2019 WL 7370852, at *3 (N.D. Tex. Dec. 31, 2019) (finding that care for wounds and staph infections are not matters of common knowledge or within the general experience of a layman and that expert testimony was required) (citations omitted); *Muniz v. United States*, No. H-12-181, 2015 WL 1058097, at *12–13 (S.D. Tex. Mar. 9, 2015) (rejecting the plaintiff's argument "that it is within lay knowledge that delaying treatment of an infection with proper antibiotics and follow-up care causes infection to spread" and granting summary judgment based on the failure to provide testimony from a qualified expert) (citing *Hannah*, 523 F.3d at 601-02). By pointing out the need for, and lack of, expert testimony in this case, Defendant has met its summary judgment burden. *See Celotex*, 477 U.S. at 325.

The burden now shifts to Plaintiff to identify evidence in the record that raises a genuine issue of material fact. *Id.* at 322-24; *Little*, 37 F.3d at 1075. He responds that "a medical expert to testify is not needed when the medical mistake is so obvious that the expert need not testify in front of a jury in order for the jury to understand the facts, such as when a septic infection is removed by surgery in less than twelve hours from the patient being misdiagnosed regarding the presence of said infection." (doc. 31 at 8.) Because, as discussed, Texas law requires expert testimony, Plaintiff cannot meet his burden in its absence. Defendant is entitled to summary judgment with respect to Plaintiff's medical negligence claim. *See Hannah*, 523 F.3d at 602 (determining that summary judgment is proper where a medical malpractice claim needs expert testimony and the plaintiff does not designate or hire an expert).[3]

---

[3] Because dismissal has been recommended on its first ground, Defendant's alternate argument that Plaintiff cannot bring forward evidence sufficient to create a genuine issue of material fact regarding the merits of

## IV. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and Plaintiff's claims against it should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 6th day of June, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

his negligence claim, (*see* doc. 25 at 19-21), need not be reached.