IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY TODD JEFFCOAT,** | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No**. 3:20-CV-3276-L-BH** |
| **THE UNITED STATES OF AMERICA,** | § § § | |
| Defendant. | § | |

# ORDER

On June 6, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 33) ("Report") was entered, recommending that the court: (1) grant Defendant's Motion for Summary Judgment (Doc. 24) that was filed February 11, 2022; and (2) dismiss with prejudice pro se Plaintiff Larry Todd Jeffcoat's ("Plaintiff" or "Mr. Jeffcoat") claims under the Federal Tort Claims Act ("FTCA"). In sum, the magistrate judge determined that Plaintiff failed to raise a genuine dispute of material fact regarding the applicable standard of care and whether Defendant breached that standard because he did not designate an expert witness or come forward with any expert testimony as required to establish the elements of his malpractice negligence claim under the FTCA.

On June 20, 2022, Plaintiff objected to the Report. Additionally, on June 27, 2022, in light of the fast-approaching July 5, 2022 deadline for filing pretrial materials, Defendant filed an Unopposed Motion to Stay Remaining Pre-Trial Deadlines (Doc. 35). For the reasons that follow, the court **accepts** the Report (Doc. 33); **overrules** Plaintiff's objections (Doc. 34); **grants** Defendant's Motion for Summary Judgment (Doc. 24); and **denies as moot** Defendant's Unopposed Motion to Stay Remaining Pre-Trial Deadlines (Doc. 35).

**Order – Page 1**

Based on Seventh Circuit authority, Plaintiff contends that federal law and Federal Rule of Civil Procedure 702 govern the admissibility of expert testimony, not state law. For support, he cites *Love v. United States*, 174 F.4th 753 (7th Cir. 2021). Mr. Jeffcoat's reliance on *Love* is misplaced, as it is neither controlling authority nor on point. As the magistrate judge correctly determined, Texas law applies to Defendant's request for summary judgment on his claims because the Fifth Circuit has held that state law controls liability for medical malpractice claims in FTCA cases such as this. Report 4-5 (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)).

Further, the law in Texas is settled that, "[u]nless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony" is "required" to meet a plaintiff's burden to prove the applicable legal standard of care, a breach of that standard, and a causal connection between the breach and the harm suffered in medical malpractice cases. *See* Report 5 (citing *Hannah*, 523 F.3d at 601-02, as to the standard of care and breach elements) (quoting *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977); and citing *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005), as to breach and causation elements)).

Mr. Jeffcoat's objection that Federal Rule of Civil Procedure 702 governs the admissibility of expert testimony rather than state law is quite beside the point, as he has not designated any expert witness, qualified or otherwise, to testify: (1) regarding the applicable standard of care necessary to prevent a hernia incision infection; or (2) whether there was a breach of that standard. Thus, his objection fails to address the basis for the magistrate judge's determination that, without evidence in the form of expert testimony, he cannot raise and has not raised a genuine dispute of material fact as to these elements in response to Defendant's summary judgment motion. Because the law in this regard is well established, a response by Defendant is not necessary and will not

assist the court in ruling on Plaintiff's objection to the Report or Defendant's summary judgment motion.

After considering Defendant's Motion for Summary Judgment, the briefs, summary judgment evidence or lack thereof, the Report, and record in this case, and having conducted a de novo review of that section of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct. Plaintiff has failed to raise a genuine dispute of material fact as to his FTCA claims, and, as a result, Defendant is entitled to judgment as a matter of law on these claims. The court, therefore, **accepts** the magistrate judge's findings and conclusions as those of the court, and **overrules** Plaintiff's objections (Doc. 34). Accordingly, the court **grants** Defendant's Motion for Summary Judgment (Doc. 24); and **dismisses with prejudice** Plaintiff's FTCA claims. As no claims remain, judgment will issue by separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure, and the court **denies as moot** Defendant's Unopposed Motion to Stay Remaining Pre-Trial Deadlines (Doc. 35).

**It is so ordered** this 28th day of June, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge